UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KENNETH D. SCHWARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-00207-JRG-CHS |
| | ) | |
| MR. KORN, MS. BELL, CORECIVIC AMERICA and TRINITY FOOD SERVICE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint for violation of § 1983 that is proceeding as to Plaintiff's claims that Defendants have (1) violated his First Amendment rights by failing to ensure that he receives properly prepared kosher food and (2) violated his equal protection rights by not providing him food that is equivalent to that provided to non-kosher inmates [Doc. 8 at 3]. More than two weeks ago, the United States Postal Service returned the Court's mail to Plaintiff containing its order screening Plaintiff's complaint as undeliverable with a notation indicating that Plaintiff is no longer at the last current address that he provided to the Court [Doc. 7 at 11]. Since the return of this mail, Plaintiff has not notified the Court of any change in his address or otherwise communicated with the Court, although the Court has twice notified him that he is required to update his address with the Court within fourteen (14) days of any address change [Doc. 3 at 1 (providing that pro se parties have a duty to "promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently" and that failure to update the Court of an address change within fourteen (14) days may result in dismissal of this action); Doc. 5 at 2 (same)]. Accordingly,

for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to timely update his address with the Court is due to Plaintiff's willfulness or fault. As set forth above, the Court has twice notified Plaintiff of the requirement that he update the Court as to any change in address within fourteen (14) days.

As to the second factor, the Court finds that Plaintiff's failure to timely update his address has not prejudiced Defendants, as they have not yet been served with process in this case. However, the Court notes that without a proper address for Plaintiff, neither the Court nor Defendants can communicate with Plaintiff regarding this case.

As to the third factor, again, the Court has twice notified Plaintiff of the requirement that he update his address with the Court within fourteen (14) days of any change in address and that failure to do so may result in dismissal.

2

Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Plaintiff is proceeding *in forma pauperis* herein and has failed to comply with the Court's clear instructions regarding updating his address.

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b), *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (noting that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE